UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

PAMELA LATIMORE,

    Plaintiff,

vs.

THE CITY OF NORTH MIAMI BEACH,
a municipal corporation authorized to do
business under the laws of the State of
Florida,

    Defendant,
_____/

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Pam Latimore ("LATIMORE"), files this Complaint and sues the Defendant, NORTH MIAMI BEACH ("City"), for violations of Title VII of the Civil Rights Act of 1964, Title 42 United States Code Section 2000 *et seq, and the AGE DISCRIMINATION ACT of 1967 (ADEA)* based on race, ethnicity and age discrimination.

1

## JURISDICTION

This Court has jurisdiction over the subject matter of this lawsuit under 28 U.S.C. § 1337, Title VII of the Civil Rights Act of 1964, Title 42, United States Code, Section 2000e-16 and the Age Discrimination Act of 1967 (ADEA).

## CONDITIONS PRECEDENT

All conditions precedent have been met, waived or otherwise excused. Plaintiff Latimore filed a timely Complaint with the EEOC and received a Right to Sue Letter followed by the timely initiation of this lawsuit.

## VENUE

Venue is proper in the United States District Court for the Southern District of Florida in that the Plaintiff was employed by the City of North Miami Beach, Florida, which is located in Miami-Dade County, Florida, and all of the acts of discrimination took place in this jurisdiction.

## PARTIES

Latimore, the Plaintiff, was an employee with the City of North Miami Beach until May 16th, 2019.

City is a duly Chartered Florida Municipal Corporation in the State of Florida, and at all times material was engaged in business in Miami-Dade County, Florida.

At all times material, City was the employer of the Plaintiff within the meaning of Title VII of the Civil Rights Act of 1964 and the ADEA.

## I. INTRODUCTION

Latimore was a dedicated civil servant with a master's degree and an unblemished employment record who had her career and dreams destroyed and was publicly humiliated by a brutal pattern of ethnic-based and age discrimination by the City. The City belittled and ultimately terminated Latimore because of her race, while at the same time promoting a lesser qualified younger woman and providing her instantly with greater salary and greater benefits.

## II. THE FACTS

1. Plaintiff is an African American who served as the City Clerk for the City of North Miami Beach.
2. Plaintiff had an outstanding record and served as head of the State of Florida's Clerk's Association.
3. Other City Clerk's looked to her as an example and a mentor.
4. Plaintiff was never disciplined and has an unblemished record of public service.
5. Plaintiff is also over the age of 50 years old.
6. There was never any reasonable basis to terminate Plaintiff's employment.
7. A group of Haitian American City Commissioners desired to appoint a

3

Haitian American and a younger person to the City Clerk's position.

8. As such, they discriminated against Plaintiff because of her race and ethnicity (African American) and her age (over 50) and for retaliatory reasons. They did so by trumping up and fabricating outlandish allegations against her related to a ceremony to award a Key to the City and falsely alleged a violation of City rules and protocols.

9. It was all a subterfuge and thinly veiled excuse to remove Latimore because she is not Haitian and for the other prohibited factors stated. Plaintiff Latimore was subjected to a contrived investigation with a pre-determined outcome and publicly humiliated. She was then fired at a public meeting and immediately replaced by a Haitian American who was younger than her and who was not qualified for the job. The actions taken against her were motivated by racial, ethnic, and age animus.

10. Latimore was employed by the City of North Miami Beach for over eight years of which she served as City Clerk and had an unblemished record of accomplishments.

III. The City of North Miami Beach discriminated against Latimore because of her race and age by, amongst other things. Terminating her without cause and replacing her with a younger female with less qualifications and little experience as a municipal clerk in the City.

### IV. DISCRIMINATORY TREATMENT

11. The Haitian American officials made comments on the campaign trail and to community groups that it was their desire to appoint a Haitian City Clerk.

12. The false accusations against Plaintiff were merely a ruse to have her fired and immediately replace by a Haitian American assistant clerk, who had no municipal clerk experience until Plaintiff trained her and encouraged her to become certified.

13. Commissioners told the Plaintiff of their intent.

### V. UNLAWFUL TERMINATION

14. Latimore was terminated on May 16th, 2019 despite an unblemished record and no cause.

15. She was immediately replaced by a lesser qualified, younger Haitian American employee with no experience as a department head.

### COUNT I

### DISCRIMINATION BASED ON AGE IN VIOLATION OF AGE DISCRIMINATIOIN IN EMPLOYMENMT ACT OF 1967

16. Plaintiff re-alleges paragraphs 1 through 15 as if fully set forth herein.

17. Plaintiff is an over 50-year-old female, and the Defendant willfully discriminated against the Plaintiff due to her age by intentionally

5

firing her because of her age and then retaining and /or hiring less qualified individuals under age 40;

18. As a direct and proximate result of said discrimination by the Institute and University, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT II
## HOSTILE WORK ENVIRONMENT BASED ON RACE IN VIOLATION OF TITLE VII

19. Plaintiff re-alleges paragraphs 1 through 15 as if fully set forth herein.

20. Plaintiff is an African American individual.

21. Plaintiff was subjected to a hostile work environment that was both severe and pervasive.

22. This hostile work environment was created based on her race.

23. As a result, Plaintiff has suffered permanent damages.

6

**WHEREFORE,** Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## COUNT III

## DISCRIMINAITON BASED ON RACE AND ETHNCIY IN VIOLATION OF TITLE VII

24. Plaintiff re-alleges paragraphs 1 through 15 as if fully set forth herein.

25. Plaintiff is an American;

26. She was terminated because of her race and ethnicity

27. As a direct and proximate result, Plaintiff has suffered permanent damages.

**WHEREFORE,** Plaintiff demands judgment for damages against the City, including but not limited to compensatory damages, back pay and benefits, future pay and benefits, liquidated damages, punitive damages, prejudgment interest, and attorney's fees and costs, and other available relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as of right by jury.

## VERIFICATION

Pursuant to 29 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing facts and allegations are true and correct.

*Pamela L. Latimore*
PAMELA LATIMORE

**DATED** this 5th day of February, 2021.

Dated: February 5, 2021

Respectfully submitted,

*Michael A. Pizzi, Jr.*
**MICHAEL A. PIZZI, JR.**
Florida Bar No. 079545
**MICHAEL A. PIZZI, P.A.**
6625 Miami Lakes Drive E.
Ste 316
Miami Lakes, Florida 33014
Tel: 305.777.3800
Fax: 305.777.3802
mpizzi@pizzilaw.com